# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br><br> RYAN RESHAWN COLLINS, <br><br> Defendant. | No. CR 11-4087-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S *PRO SE* MOTION FOR REDUCTION OF SENTENCE [PURSUANT TO] AMENDMENT 750 [TO THE SENTENCING GUIDELINES] AND 18 U.S.C. § 3582(c)(2)** |

_____

This case is before me on defendant Ryan Reshawn Collins's Motion For Reduction Of Sentence [Pursuant To] Amendment 750, & 18 U.S.C. § 3582(c)(2) (Motion For Reduction) (docket no. 50). Collins states that he would like me to look at the fact that he got a sentence of 6 years of imprisonment for less than 12 grams of crack cocaine and that the Fair Sentencing Act of 2010 (FSA) would lower his term of imprisonment. He also asks me to reconsider his sentence in light of his health problems. In one of his subsequent letters to the court, checking on the status of his Motion For Reduction, Collins also states that he would like to know if he was sentenced under an 18:1 crack-to-powder ratio or a 1:1 ratio. *See* Correspondence (docket no. 52).

The Presentence Investigation Report (PSIR) (docket no. 44) states that "[t]he 2011 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. U.S.S.G. § 1B1.11." PSIR, ¶ 10. Thus, Collins's guideline range was necessarily calculated using the drug quantity

amendments from the FSA using an 18:1 crack-to-powder ratio, which became effective on August 3, 2010. *See also* PSIR, ¶ 11 (calculating a base offense level of 18 for 11 grams of crack cocaine pursuant to U.S.S.G. § 2D1.1(c)(11) (5.6 to 11.2 grams of crack cocaine, or 100 to 200 grams of cocaine powder, *i.e.*, an 18:1 ratio), increased by 2 levels to 20 for commission of the offense within 1,000 feet of a protected location pursuant to U.S.S.G. § 2D1.2). The PSIR also indicates that the initial guideline calculation established an advisory guideline range of 188 to 235 months of imprisonment, driven not just by drug quantity, but by Collins's commission of the offense in question within 1,000 feet of a protected location and a large enhancement resulting from his "Career Offender" status. *See* PSIR, ¶¶ 11-40, 60. Moreover, the minutes from Collins's sentencing hearing, Minutes (docket no. 47), and the Statement Of Reasons (docket no. 49), indicate that I granted Collins's motion for a downward variance and that he received a sentence below his guideline range. I based the downward variance on various factors, including that "the court applied a 1:1 crack to powder cocaine ratio [and] the defendant's significant health problems." Statement Of Reasons (docket no. 49), at 3 (§ VI). I ultimately imposed a sentence of 72 months of imprisonment. Minutes (docket no. 47); Judgment In A Criminal Case (docket no. 48), 2.

Thus, while Collins contends that the FSA, the small quantity of crack cocaine involved in his offense, and his health problems warrant a sentence less than the 72 months of imprisonment that I gave him, I had already clearly considered the quantity of crack cocaine in light of the FSA, rejected the 18:1 ratio in the FSA in favor of a 1:1 ratio, and considered Collins's health in arriving at the appropriate sentence, in light of the advisory guideline range and my consideration of the pertinent § 18 U.S.C. § 3553 factors. I see no basis for a further reduction of Collins's sentence pursuant to 18 U.S.C. § 3582(c)(2).

THEREFORE, defendant Ryan Reshawn Collins's Motion For Reduction Of Sentence [Pursuant To] Amendment 750, & 18 U.S.C. § 3582(c)(2) (docket no. 50) is **denied**.

**IT IS SO ORDERED**.

**DATED** this 26th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA